Julie L. Trester (Illinois SBN 6208467)
 jtrester@cozen.com
 (application for admission *pro hac vice* forthcoming)
Di Addy Tang (California SBN 314891)
 dtang@cozen.com
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel: 415-644-0914
Fax: 415-644-0978

Attorneys for Defendants
HEIDRICK & STRUGGLES, INC.
HEIDRICK & STRUGGLES, INTERNATIONAL, INC,
SENN DELANEY LEADERSHIP CONSULTING GROUP, INC.
and SENN DELANEY LEADERSHIP CONSULTING GROUP, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHRISTINE LORENZETTI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>HEIDRICK & STRUGGLES, INC., a Delaware corporation; HEIDRICK & STRUGGLES, INTERNATIONAL, INC., a Delaware corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., a California corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, LLC, a California limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br><br>Complaint filed: May 26, 2021<br>Removed: August 30, 2021 |

-1-
DEFENDANTS' NOTICE OF REMOVAL

LEGAL\54007373\2

PLEASE TAKE NOTICE that Defendants HEIDRICK & STRUGGLES, INC., HEIDRICK & STRUGGLES, INTERNATIONAL, INC., SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., and SENN DELANEY LEADERSHIP CONSULTING GROUP, LLC (collectively, "Defendants" or "H&S"), by and through their attorneys, hereby file this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support thereof, Defendants state as follows:

## VENUE AND JURISDICTION

1. Venue is proper in this Court under 28 U.S.C. §§ 84(c), 1441(a), and 1446(a) because the Superior Court of the State of California for Los Angeles County, where the Complaint was filed, is a state court within the Central District of California.

2. The Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1441(a) and 1331 because Plaintiff alleges that Defendants failed to provide her with severance pay under an employer-sponsored severance plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1367 and 1441(c).

## BACKGROUND INFORMATION

3. On May 26, 2021, Plaintiff, Christine Lorenzetti, filed a Complaint in the Superior Court of California, County of Los Angeles as Case No. 21STCV19793, entitled CHRISTINE LORENZETTI, an individual, vs. HEIDRICK & STRUGGLES, INC., a Delaware corporation; HEIDRICK & STRUGGLES, INTERNATIONAL, INC., a Delaware corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., a California corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, LLC, a California limited liability company; and DOES 1 through 20, inclusive (the "State Court Action").

4. The Complaint asserts the following causes of action: (1) Breach of Contract; (2) Failure to Pay Earned Wages and Accrued Vacation; (3) Failure to Provide Accurate Itemized Wage Statements; and (4) Unfair Business Practices (California Business & Professions Code §§ 17200).

5. In accordance with the requirements of 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and Summons in the State Court Action is attached as **Exhibit A** to the Declaration of Di Addy Tang ("Tang Decl.").

6. On July 29, 2021, Plaintiff personally served the Complaint and Summons in the State Court Action on Defendants. Tang Decl., ¶ 3.

7. Defendants have not yet answered or otherwise responded to the Complaint. Tang Decl., ¶ 5.

8. Service of this Notice of Removal is being made on all adverse parties as shown by the attached Certificate of Service as required by 28 U.S.C. § 1446(d).

9. Promptly after filing this Notice of Removal, and as required by 28 U.S.C. § 1446(d), Defendants will serve on Plaintiff and file with Los Angeles

County Superior Court a "Notice of Filing of Notice of Removal" in the form attached hereto as **Exhibit B** that will include a copy of this Notice of Removal as an exhibit thereto. Tang Decl., ¶ 6, Ex. B.

10. Defendants deny any and all wrongdoing and any and all liability to Plaintiff. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

11. All Defendants who have been served with the Complaint consent to this removal. Tang Decl., ¶ 7.

## BASIS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

12. The Complaint alleges that after Plaintiff became an employee of H&S, she was eligible to receive severance pay based on her years of service with Defendants Senn Delaney and H&S under H&S's U.S. Employee Severance Pan Plan (the "Severance Plan")[1]. See Tang Decl., ¶ 2, Ex. A, Complaint at ¶ 13.

13. Plaintiff's employment with H&S terminated on March 25, 2020. Plaintiff claims that as a result of her termination, she was entitled to receive 25 weeks of base pay under the Severance Plan because she was employed with Defendants more than 15 years. Plaintiff alleges that Defendants failed and

---

[1] Plaintiff references but fails to attach to her Complaint a copy of the Severance Plan. A true and correct copy of the Severance Plan is attached as **Exhibit C** to the Declaration of Di Addy Tang. Tang Decl., ¶ 8, Ex. C. "As a general rule, a district court deciding whether to exercise removal jurisdiction must consider only the allegations in the complaint…, but the general rule is overridden by the artful pleading doctrine in complete preemption cases. Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) (superseded by statute on other grounds as recognized in *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).

refused to provide her with severance pay as dictated by the Severance Plan, proximately causing her harm. *Id*. ¶¶ 15, 16, 17.

14.    Based on these allegations, the Complaint asserts a state law claim for breach of contract. *Id.* at ¶¶ 10-17. However, that claim arises out of the Severance Plan, which is an employer-sponsored benefit plan governed by ERISA.[2] As such, Plaintiff's claim for breach of contract can be removed to this Court on the basis of its jurisdiction over federal questions. .

15.    A defendant may remove to federal court any civil action that could have been brought in federal court. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  A claim may be brought in federal court — that is, a federal court has original federal question jurisdiction — if the case "arises under" the laws of the United States. *See* 28 U.S.C. § 1331.  Federal courts have "jurisdiction to hear, originally or by removal from a state court, … those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 US 1, 27-28 (1983).

16.    The determination of whether a substantial federal question exists is determined by the well-pleaded complaint rule, which states that federal question jurisdiction exists only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, an exception exists to the well-pleaded complaint rule when a plaintiff's state-law claim is completely preempted by

---

[2] While the Complaint artfully avoids explicit references to ERISA, it is abundantly clear that the Severance Plan at issue here is governed by ERISA. *See* Tang Decl., ¶ 8, Ex. C. The Severance Plan is an ERISA employee welfare benefit plan as set forth under 29 U.S.C. § 1002(1).

federal law — in this case, ERISA. In such cases, Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. 58, 63-64 (1987). Under Section 502 of ERISA, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted "even if [it is] pleaded in terms of a state law" because it "is in reality based on federal law." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208-09 (2004).

17. Here, Plaintiff's First Cause of Action for breach of contract is "artfully pled" so as to couch a federal claim in terms of state law. See *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860–861 (9th Cir. 1987) ("Although the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim. A complaint that does so has been characterized as an 'artfully-pleaded' complaint, as opposed to a 'well-pleaded complaint' that does specifically refer to the essential federal law.").

18. Plaintiff's breach of contract claim is completely preempted, and may be removed under 28 U.S.C § 1441 in that Plaintiff is seeking severance payments to which she was allegedly entitled through an employer-sponsored benefit plan that is governed by ERISA. Plaintiff refers to the "Severance Plan" as the contract that Defendants allegedly breached, seeks payments to which she was purportedly entitled under the plan, and claims that she was damaged as a result of Defendants' failure and refusal to pay benefits as required under the terms of the plan. See Tang Decl., Ex. A, Complaint, at ¶¶ 13-17. As such, Plaintiff's claim for severance payments demonstrates that this lawsuit entails claims for benefits under an ERISA plan and therefore should be removed to this Court under the federal question jurisdiction of ERISA preemption. *Edwards*

*v. Lockheed Martin Corp.*, 617 Fed.Appx. 648, 650 (9th Cir. 2015) (holding that state law breach of contract claim is preempted by ERISA where "the existence of ERISA plans is essential to the [claim's] operation").

19.  After removal, the district court can exercise supplemental jurisdiction over a plaintiff's state law claims if they are part of the "same case or controversy" as the federal claim. 28 U.S.C. § 1367(a). The Court has supplemental jurisdiction over Plaintiff's state law claims because they are part of the same case or controversy as Plaintiff's ERISA claim, i.e., the circumstances of Plaintiff's employment, including whether her payment of wages was proper, and her termination. *See* Tang Decl., ¶ 2, Ex. A, Complaint, at ¶¶ 21, 24, 27.

## PROCEDURAL COMPLIANCE

### A. Timely Filed Notice

20.  Defendants timely filed this Notice of Removal within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. Defendants HEIDRICK & STRUGGLES, INC. and HEIDRICK & STRUGGLES, INTERNATIONAL, INC. were served with the Summons and Complaint on July 29, 2021. Tang Decl., ¶ 3. Thirty days from July 29, 2021 is August 28, 2021 (a Saturday). Since the Notice of Removal is being filed on August 30, 2021, the removal is timely. *See* FED. R. CIV. R. 6(a) (explaining that "[t]he last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days"). *See Kyle v. Campbell Soup Co.,* 28 F.3d 928, 929 (9th Cir. 1994).

**B. Consent of Defendants**

21. Pursuant to Section 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). All Defendants who have been served have consented to the removal. Tang Decl., ¶ 7.

**C. Copies of Notice of Removal**

22. Defendants are serving a copy of this Notice of Removal on all adverse parties and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A copy of the notice to all adverse parties and the state court is attached (without exhibits). Tang Decl., ¶ 6, Ex. B.

**D. Copy of State Court File**

23. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached a copy of all process, pleadings, and orders served upon it in the State Court Action. See **Exhibit A** (the Complaint and Summons) to the accompanying Declaration of Di Addy Tang.

## CONCLUSION

Defendants respectfully request that the State Court Action be removed from the state court in which it was filed to the United States District Court in and for the Central District of California.

| | |
|---|---|
| Dated: August 30, 2021 | COZEN O'CONNOR |
| | By: */s/ Di Addy Tang* |
| | Julie L. Tester |
| | Di Addy Tang |
| | Attorneys for Defendants |
| | HEIDRICK & STRUGGLES, INC.; HEIDRICK & STRUGGLES, INTERNATIONAL, INC.; SENN DELANEY LEADERSHIP CONSULTING GROUP, INC. and SENN DELANEY LEADERSHIP CONSULTING GROUP, LLC |