Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV19793

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEIDRICK & STRUGGLES, INC., a Delaware corporation;
See Attachment for Additional Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTINE LORENZETTI, an individual;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles

111 North Hill Street, Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
21STCV19793

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David W. Affeld; 2049 Century Park East, Suite 2460, Los Angeles, CA 90067; (310) 979-8700

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 05/26/2021          Clerk, by  R. Perez          , Deputy
*(Fecha)*                  *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):*    Heidrick & Struggles International, Inc., a Delaware corporation
   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT A
Page 1

|  | SUM-200(A) |
|---|---|
| SHORT TITLE:<br>Lorenzetti v. Heidrick & Struggles, Inc., et al. | CASE NUMBER: |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

HEIDRICK & STRUGGLES, INTERNATIONAL, INC., a Delaware corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., a California corporation; SENN-DELANEY LEADERSHIP CONSULTING GROUP, LLC, a California limited liability company; and DOES 1 through 20, inclusive,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT A
Page 2

Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV19793
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Laura Seigle

David W. Affeld, State Bar No. 123922
Damion D. D. Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701
dr@agzlaw.com

Attorneys for Plaintiff Christine Lorenzetti

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CHRISTINE LORENZETTI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>HEIDRICK & STRUGGLES, INC., a Delaware corporation; HEIDRICK & STRUGGLES, INTERNATIONAL, INC., a Delaware corporation; SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., a California corporation; SENN-DELANEY LEADERSHIP CONSULTING GROUP, LLC, a California limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 21STCV19793<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **FAILURE TO PAY EARNED WAGES AND ACCRUED VACATION;**<br>3. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br>4. **UNFAIR UBUSINESS PRACTICES [Bus. & Prof. Code § 17200]** |

   Plaintiff CHRISTINE LORENZETTI, an individual ("Lorenzetti"), alleges for her complaint against HEIDRICK & STRUGGLES, INC., a Delaware corporation, HEIDRICK & STRUGGLES, INTERNATIONAL, INC., a Delaware corporation (collectively with Heidrick & Struggles, Inc., "H&S"), SENN DELANEY LEADERSHIP CONSULTING GROUP, INC., a California corporation, SENN-DELANEY LEADERSHIP CONSULTING GROUP, LLC, a California limited liability company (collectively with Senn-Delaney Leadership Consulting Group, Inc., "Senn-Delaney"), and DOES 1 through 20, inclusive (collectively with H&S and

Senn-Delaney, "Defendants"), as follows. Allegations herein are made on personal knowledge as to Lorenzetti and on information and belief as to all other matters.

## PARTIES

1. Plaintiff Christine Lorenzetti is a citizen and resident of Los Angeles County, California. Lorenzetti was a Senior Consultant for Defendants, first working for Senn-Delaney and then for H&S after it acquired Senn-Delaney. All told, Lorenzetti worked for Defendants for 20 years, 11 months, and 27 days until her termination in 2020. At all times, Lorenzetti worked for Defendants in Los Angeles County.

2. Defendant Heidrick & Struggles, Inc. is a Delaware corporation. On information and belief, its principal place of business is in Chicago, Illinois.

3. Defendant Heidrick & Struggles International, Inc is a Delaware corporation. On information and belief, its principal place of business is in Chicago, Illinois.

4. Defendant Senn-Delaney Leadership Consulting Group, Inc. is a California corporation. On information and belief, its principal place of business is in Orange County, California.

5. Defendant Senn-Delaney Leadership Consulting Group, LLC is a California limited liability company. On information and belief, its principal place of business is in Orange County, California.

6. Plaintiff is unaware of the true names or capacities of Defendants Does 1 through 20, inclusive, and therefore names them by these fictitious names. Plaintiff is informed and believes that each of these fictitiously-named Defendants is in some manner legally responsible for the acts, omissions, and damages alleged herein. On information and belief, Defendants Does 1 through 20, inclusive, acted as the agents, principals, partners, joint venturers, and/or alter egos of the other Defendants, aided, abetted, assisted, and encouraged them in carrying out the acts and omissions alleged herein, and agreed and conspired with them to carry out those acts and omissions. Plaintiff will amend this Complaint to state the true names and capacities of these fictitiously-named Defendants with the same become known.

## JURISDICTION & VENUE

7. Jurisdiction is proper under Article 6 of the California Constitution.

8. Venue in Los Angeles County is proper under California Code of Civil Procedure § 395.2 and 395.5. Defendants are corporations and unincorporated associations. As such, they may be sued in "the county where the contract [at issues] is made or is to be performed, or where the obligation or liability arises, or the breach occurs." Code Civ. Proc. § 395.5.

9. All of the acts and omissions alleged herein occurred in Los Angeles County where Lorenzetti worked, where the obligation to pay her wages and benefits arose, where she entered into her contracts with Defendants, and where Defendants breached those contracts.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### (By Plaintiff Against All Defendants)

10. Lorenzetti began working for Senn-Delaney in 1999, entering into her first employment contract at that time. On April 10, 2003, she signed a new employment contract with Senn-Delaney (the "Employment Contract"), which continued to govern her employment through her termination. The Employment Contract provided, among other things, that Lorenzetti would accrue 15 days of paid vacation per year. The Employment Contract was a binding agreement between Lorenzetti & Senn-Delaney.

11. On or about December 31, 2012, H&S acquired Senn-Delaney through a merger. H&S continued Senn-Delaney's business as constituted and maintained Senn-Delaney as a corporate entity. The business following H&S's acquisition was a mere continuation of the business prior to that acquisition. H&S is, thus, the successor to Senn-Delaney. It assumed Senn-Delaney's obligations, including those under the Employment Contract.

12. Concurrently with the merger, H&S also hired substantially all of Senn-Delaney's employees, including Lorenzetti. At that time H&S represented that Lorenzetti would

- 3 -
COMPLAINT

1 | receive credit for her past years of employment. Neither Senn-Delaney nor H&S paid out any of Lorenzetti's accrued vacation at the time of the merger.

13. Upon becoming an employee of H&S, Lorenzetti became eligible for H&S's written severance plan called the Heidrick & Struggles, Inc. U.S. Employee Severance Pay Plan (the "Severance Plan"). Under the terms of the Severance Plan, Lorenzetti was eligible for a certain amount of severance based on her years of service with Senn-Delaney and H&S according to a formula. Through her continuing employment with H&S following the merger, the Severance Plan became a binding contract between Lorenzetti and H&S.

14. Lorenzetti performed all of her obligations under her contracts with Senn-Delaney and H&S, including her employment contract and the Severance Plan, by continuing to remain employed with them and performing her job duties in an exemplary manner.

15. H&S terminated Lorenzetti's employment, without cause, on or about March 25, 2020. As a result of this termination, Lorenzetti was entitled to be paid out for her accrued vacation time, reflecting approximately 15 days of vacation per year for the period of 2005 through 2020—*i.e.*, 225 days. In addition, based on the Severance Plan, she was entitled to receive 25 weeks of base pay having been employed for more than 15 years.

16. Defendants breached the Employment Agreement and Severance Plan. Defendants failed and refused to pay Lorenzetti her accrued vacation. They also failed and refused to pay her the severance dictated by the Severance Plan.

17. This breach directly and proximately caused harm to Lorenzetti through loss of vacation pay and severance pay to which she was entitled in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY EARNED WAGES AND ACCRUED VACATION
### (By Plaintiff Against All Defendants)

18. Lorenzetti repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

- 4 -
COMPLAINT

19. Defendants, and each of them, were joint employers of Lorenzetti and required to comply with the California Labor Code as to her.

20. Lorenzetti earned wages in connection with her employment with Defendants, including, without limitation, accrued vacation time and guaranteed. *See* Lab. Code § 227.3 ("all vested vacation time shall be paid to him as wages").

21. At the time of Lorenzetti's termination, Defendants failed to pay Lorenzetti her earned wages, including accrued vacation and severance pay in violation of the Labor Code. *See* Lab. Code § 201 ("the wages earned and unpaid at the time of discharge are due and payable immediately"). Defendants have failed and refused to this day to pay Lorenzetti her accrued vacation or severance owed.

22. Defendants' failure to pay Lorenzetti's earned wages at the time of termination was willful within the meaning of California Labor Code § 203. Accordingly, Defendants are liable to pay penalties equivalent to thirty days of wages. Lab. Code § 203(a).

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(By Plaintiff Against All Defendants)**

23. Lorenzetti repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

24. Defendants failed to provide accurate, itemized wage statements to Lorenzetti required under California Labor Code § 226(a). Among other things, the wage statements failed to provide the full legal name of Lorenzetti's employer, and failed to include the wages to which Lorenzetti was entitled, including vacation pay.

25. Lorenzetti has been harmed by this failure and is entitled to penalties in the amount of $50.00 for the first violation and $100.00 for each subsequent violation. *See* Lab. Code § 226(e)(1).

[Continued on Next Page]

- 5 -
COMPLAINT

## FOURTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

## [BUS. & PROF. CODE § 17200]

### (By Plaintiff Against All Defendants)

26. Lorenzetti repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

27. Defendants have engaged in unlawful business acts and practices within the meaning of the Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*, by violating the California Labor Code, including sections 201, 226, and 227.3, as alleged above.

28. Lorenzetti has lost money or property as a result of these unlawful acts and practices, including earned wages, which are property within the meaning of the UCL.

29. Lorenzetti is entitled to restitution under the UCL as well as injunctive and other remedies.

## PRAYER FOR RELIEF

WHEREFORE, Lorenzetti prays for relief as follows:

**On the First Cause of Action**

1. Damages in an amount to be proven at trial, but not less than $105,000.00;
2. Pre-judgment interest;
3. For costs of suit as provided by law.

**On the Second Cause of Action**

1. Damages in an amount to be proven at trial, but not less than $105,000.00;
2. Pre-judgment interest;
3. Attorney's fees pursuant to Labor Code § 218.5;
4. Costs of suit as provided by law.

**On the Third Cause of Action**

1. Penalties in the amount of $4,000;
2. Attorney's fees pursuant to Labor Code § 226(e)(1);

|   |   |   |
|---|---|---|
| 1 | 3. | Costs of suit as provided by law. |

**On the Fourth Cause of Action**

        1.     Restitution of the amounts Defendants wrongfully withheld;

        2.     An injunction against further violations of the Labor Code by Defendants.

**On All Causes of Action**

        Such other and further relief as the Court deems just and proper.

Dated: May 26, 2021         Respectfully submitted,

        By: /s/ David W. Affeld
             David W. Affeld
             Damion D. D. Robinson
             Affeld Grivakes LLP

        Attorneys for Plaintiff Christine Lorenzetti

## **DEMAND FOR JURY TRIAL**

Lorenzetti demands a trial by jury on all matters so triable.

Dated: May 26, 2021         Respectfully submitted,

        By: /s/ David W. Affeld
             David W. Affeld
             Damion D. D. Robinson
             Affeld Grivakes LLP

        Attorneys for Plaintiff Christine Lorenzetti

Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2021 09:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV19793

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David W. Affeld, SBN 123922; Damion Robinson, SBN 262573<br>Affeld Grivakes LLP<br>2049 Century Park East<br>Suite 2460, Los Angeles, California 90067<br>TELEPHONE NO.: (310) 979-8700   FAX NO.: (310) 979-8701<br>ATTORNEY FOR *(Name):* Plaintiff Christine Lorenzetti | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME: Lorenzetti v. Heidrick & Struggles, Inc., et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21STCV19793<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2021
David Affeld                                              ▶ /s/ David Affeld
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A
Page 10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

| SHORT TITLE: Lorenzetti v. Heidrick & Struggles, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18  
For Mandatory Use  

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 1 of 4

EXHIBIT A  
Page 12

| SHORT TITLE: Lorenzetti v. Heidrick & Struggles, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

EXHIBIT A
Page 13

| SHORT TITLE: Lorenzetti v. Heidrick & Struggles, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 3 of 4

EXHIBIT A
Page 14

| SHORT TITLE: Lorenzetti v. Heidrick & Struggles, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>Stanley Mosk Courthouse<br>111 N Hill Street<br>Los Angeles, CA 90012 |
|---|---|
| CITY: Los Angeles STATE: CA ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 5/26/21

/s/ David Affeld

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18 CIVIL CASE COVER SHEET ADDENDUM Local Rule 2.3
For Mandatory Use AND STATEMENT OF LOCATION Page 4 of 4

EXHIBIT A
Page 15

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>05/26/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: R. Perez   Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV19793 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Laura A. Seigle | 48 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 05/26/2021                                                  By R. Perez                                , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

EXHIBIT A
Page 16

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/01/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: S. Brown, Deputy |
| PLAINTIFF:<br>Christine Lorenzetti | |
| DEFENDANT:<br>Heidrick & Struggles, Inc., a Delaware Corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21STCV19793 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 09/23/2021 | 8:30 AM | 48 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608 (subdivision (b)), and California Rules of Court, rule 2.2 et seq.

Dated: 06/01/2021                                                                                       Laura A. Seigle / Judge
                                                                                                                    Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

David William Affeld
2049 Century Park E
Suite 2460
Los Angeles, CA 90067

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/01/2021                                                                                       By S. Brown
                                                                                                                    Deputy Clerk

| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three |

EXHIBIT A
Page 18



**Service of Process Transmittal**
07/29/2021
CT Log Number 539990669

| | |
|---|---|
| **TO:** | Jose Castillo<br>Heidrick & Struggles, Inc.<br>233 S WACKER DR STE 4900<br>CHICAGO, IL 60606-6372 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Heidrick & Struggles International, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHRISTINE LORENZETTI, etc., Pltf. vs. HEIDRICK & STRUGGLES, INC., etc., et al., Dfts. // To: HEIDRICK & STRUGGLES INTERNATIONAL, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STC19793 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/29/2021 at 15:21 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/29/2021, Expected Purge Date: 08/03/2021 |
| | Image SOP |
| | Email Notification,  Amanda Suchecki  asuchecki@heidrick.com |
| | Email Notification,  Kelly Crosier  kcrosier@heidrick.com |
| | Email Notification,  Legal Department  legaldepartment@heidrick.com |
| | Email Notification,  Jose Castillo  jcastillo@heidrick.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Thu, Jul 29, 2021 |
| **Server Name:** | Parcels Inc. |
| Entity Served | HEIDRICK & STRUGGLES INTERNATIONAL, INC. |
| Case Number | 21-19793 |
| Jurisdiction | DE |

